## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARLOS ESTAVES,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CIVIL NO. 04-109-WDS |
| **WARDEN STEPP,** *et al.*, | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

Before the Court, first, is Plaintiff's request to amend (Doc. 6), in which he asks the Court to assist him in obtaining supporting documentation from the Bureau of Prisons regarding the issues raised in this action. The Court notes that Plaintiff has already attached a significant amount of documentation as exhibits to the complaint (Doc. 1), and it is unclear from this request what other information he seeks from the B.O.P.. Therefore, this motion is **DENIED**.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims

    or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim on which relief
        may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such
        relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

    This action arises from an incident that occurred on May 23, 2001. On that day, following a church service, he was returned to his assigned housing unit. One range was currently using the recreation yard, so officers placed Plaintiff, still handcuffed, in the open sallyport area. Apparently another inmate, Mitchell, had hidden himself inside a shower unit and, when Plaintiff was left unsupervised for a few minutes, Mitchell assaulted him. According to the medical records attached to the complaint, this assault resulted in various injuries to his face. Plaintiff alleges that the officers on duty are liable for his injuries, as they failed to perform an adequate search of the area before leaving him alone.

    Prison officials clearly have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his

safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). Moreover, a "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability on prison officials. *See Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir. 1984); *Ward v. Thomas,* 708 F.Supp. 212, 214 (N.D.Ill. 1989).

In this case, Plaintiff makes no allegations that the officers were aware of any specific threat to Plaintiff by Mitchell, or by any other inmate. In fact, Plaintiff does not even allege that *he* was aware of any specific threat against him by Mitchell or any other inmate. At best, Plaintiff makes allegations that Defendants were negligent in failing to perform an adequate security check of the area, but a defendant can never be held liable for negligence in a civil rights action. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Although the Court empathizes with Plaintiff, he simply has not stated a viable constitutional claim upon which relief may be granted.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: June 10, 2005**

                                          *s/ WILLIAM D. STIEHL*
                                           **DISTRICT JUDGE**